UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,

　　　　　*Plaintiff-Appellee,*

v.

JAMES R. DILL,

　　　　　*Defendant-Appellant.*

No. 02-4213

Appeal from the United States District Court
for the Western District of North Carolina, at Asheville.
Lacy H. Thornburg, District Judge.
(CR-01-8)

Submitted: August 30, 2002

Decided: September 12, 2002

Before LUTTIG, WILLIAMS, and MOTZ, Circuit Judges.

Affirmed by unpublished per curiam opinion.

## COUNSEL

William E. Loose, WILLIAM E. LOOSE ATTORNEY AT LAW, P.A., Asheville, North Carolina, for Appellant. Robert J. Conrad, Jr., United States Attorney, Thomas R. Ascik, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

James R. Dill appeals from his convictions for willfully making fraudulent statements to the Department of Housing and Urban Development (HUD) and the Social Security Administration (SSA), in violation of 18 U.S.C. § 1001 (2000). He was sentenced to 16 months in prison on each of three counts to be served concurrently, three years supervised release, a $300 special assessment, and $75,823 in restitution.

On appeal, Dill addresses three issues: (1) whether the motion to suppress Dill's confession was properly denied; (2) whether there was sufficient evidence to convict Dill for willfully making fraudulent statements to HUD and the SSA, in violation of § 1001(a); and (3) whether the district court erroneously applied a sentencing enhancement of two levels for more than minimal planning under United States Sentencing Guidelines Manual § 2F1.1(b)(2)(A) (2000).

Dill contends that the trial court erred in admitting his statement because it was involuntary. In reviewing the denial of a motion to suppress, this Court "review[s] the district court's factual findings for clear error, and its legal conclusions de novo." *United States v. Photogrammetric Data Servs., Inc.*, 259 F.3d 229, 237 (4th Cir. 2001), *cert. denied*, 70 U.S.L.W. 3373 (U.S. Mar. 18, 2002) (No. 01-722). Courts consider the totality of the circumstances surrounding the confession under a preponderance of the evidence standard to determine voluntariness. *See Schneckloth v. Bustamonte*, 412 U.S. 218, 225-27 (1973) (providing totality of circumstances standard); *Lego v. Twomey*, 404 U.S. 477, 489 (1972) (providing preponderance of the evidence standard). The circumstances surrounding Dill's confession provide ample support for the conclusion that Dill's statement was voluntary. Accordingly, we cannot conclude that the district court erred by admitting his written statement into evidence.

Dill also challenges the sufficiency of the evidence to support his fraud convictions. In reviewing a claim of sufficiency of the evidence, this Court must sustain the verdict if the record contains "substantial evidence, taking the view most favorable to the Government, to sup-

port it." *Glasser v. United States*, 315 U.S. 60, 80 (1942). In determining whether the evidence is "substantial," the Court inquires whether there is evidence sufficient to support a finding of guilt beyond a reasonable doubt. *United States v. Burgos*, 94 F.3d 849, 862 (4th Cir. 1996).

The pertinent statute requires evidence that Dill knowingly and willfully (1) falsified, concealed, or covered up a material fact by any trick, scheme, or device; (2) made a materially false, fictitious, or fraudulent statement or representation; or (3) made or used any false writing or document knowing it to contain any materially false, fictitious, or fraudulent statement or entry. 18 U.S.C. § 1001(a).

Here, there is substantial evidence to support the conclusion that Dill made numerous fraudulent statements in order to receive benefits from several federal programs. Dill admitted in a sworn statement that he reported he was not working in order to collect housing assistance and Social Security benefits. While Dill attempted to explain his actions when testifying on his own behalf, we must assume that the jury resolved all contradictions in the evidence in the Government's favor. *United States v. Romer*, 148 F.3d 359, 364 (4th Cir. 1998).

As to Dill's final claim, section 2F1.1(b)(2) requires a two-point increase in offense level if the offense involved "more than minimal planning." Under the Guidelines, more than minimal planning is deemed present in any case involving repeated acts over a period of time, unless it is clear that each instance was purely opportune. USSG § 1B1.1, comment. (n.1(f)). The evidence clearly supported a finding that Dill engaged in multiple misrepresentations of income over a period of many years to receive benefits from several federal programs for which he was ineligible. Accordingly, the district court's decision to enhance Dill's sentence for more than minimal planning was supported by the record.

We therefore affirm Dill's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid in the decisional process.

*AFFIRMED*